FILED

02/06/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0077

DA 17-0077

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2018 MT 19N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BETH MOUNT JOY WILLIAMS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-32-2016-333
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Martin W. Judnich, Vincent J. Pavlish, Judnich Law Office, Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant Attorney General, Helena, Montana

          Kirsten H. Pabst, Missoula County Attorney, Selene Koepke, Deputy County Attorney, Missoula, Montana

      For Amicus Curiae:

          Matthew A. Dodd, Dodd Law Firm, P.C., Bozeman, Montana

              Submitted on Briefs: November 8, 2017

                    Decided: February 6, 2018

Filed:

                         Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Beth Williams (Williams) appeals from an order of the Fourth Judicial District Court, Missoula County, denying her motion to exclude breath evidence in a Driving Under the Influence of Alcohol (DUI) proceeding against her. The District Court issued its order on Williams's appeal from the Missoula County Justice Court. We affirm.

¶3 On January 19, 2016, Highway Patrol Trooper Smart observed Williams driving at varying speeds, signaling left when no left turn was possible, weaving within her lane, and crossing the fog line. Trooper Smart initiated a traffic stop and noticed Williams's speech was slurred, her eyes were bloodshot, her reaction time and movements were slow, and her gait was unsteady. Trooper Smart arrested Williams for DUI and transported her to the Missoula County Detention Center. Williams provided a breath sample on the Intoxilyzer 8000 indicating she had an alcohol concentration of 0.145. The State charged Williams with DUI. The Missoula County Justice Court subsequently convicted Williams of DUI. Williams appealed de novo to the Fourth Judicial District Court, Missoula County, and filed a motion in limine to exclude her Intoxilyzer 8000 breath test results. Williams argued the evidence should be excluded or her DUI dismissed because of the State's failure to preserve Computer Online Breath Records Archive (COBRA) data underlying her breath

2

test results. Williams maintained the State's actions resulted in spoliation of the evidence or, alternatively, denial of her right to due process.

¶4 The District Court held an evidentiary hearing. Matthew Malhiot (Malhiot), the proprietor of Forensic Alcohol Consulting & Training, testified regarding the Intoxilyzer 8000 and the fact that some other states have determined that COBRA statistical analysis may show that an Intoxilyzer 8000 malfunctioned. Malhiot testified that the Intoxilyzer 8000 saves electronic data on an internal memory card inside the unit and the software the State uses does not allow for COBRA data to be accessed or transferred off the unit. Malhiot testified that Williams's Breath Analysis Report Form (BARF) indicated the Intoxilyzer 8000 did not encounter any errors when it conducted Williams's breath test. Benjamin Vetter (Vetter), the director of the Breath Alcohol Program at the State Crime Lab, also testified. Vetter testified that if the Intoxilyzer 8000 encounters an error during a breath test, the error will be indicated on the Intoxilyzer 8000's screen or will print. Vetter testified that the State is currently in the process of obtaining funding to purchase new Intoxilyzer 9000 units and software that will make COBRA data accessible.

¶5 The District Court concluded Williams did not establish the COBRA data would contain "evidence of significance either favorable or exculpatory" and the State's failure to maintain software making COBRA data accessible was not in bad faith. The District Court denied Williams's motion to exclude concluding the State had not spoliated evidence or denied Williams due process. Williams changed her plea from not guilty to no contest and the State reduced her charge. Williams is supported by amicus curiae, the National College for DUI Defense, on appeal.

¶6 On appeal, Williams first argues spoliation remedies are available in criminal cases. Spoliation is a civil cause of action where relevant evidence is destroyed prior to trial. *Oliver v. Stimson Lumber Co.*, 1999 MT 328, ¶ 31, 297 Mont. 336, 993 P.2d 11. Spoliation remedies include sanctions outlined in the Montana Rules of Civil Procedure. *Spotted Horse v. BNSF Ry. Co.*, 2015 MT 148, ¶ 20, 379 Mont. 314, 350 P.3d 52. In criminal cases, the rules of criminal procedure outlined in Title 46, MCA, apply, not the rules of civil procedure. *State v. Jeffries*, 2018 MT 17, ¶ 25, ___ Mont. ___, ___ P.3d ___. This is a criminal proceeding and spoliation is not applicable.

¶7 Second, Williams argues the State denied her due process by failing to maintain potentially useful COBRA data in an accessible format and by intentionally deleting it. In *Arizona v. Youngblood*, the United States Supreme Court held that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." 488 U.S. 51, 58, 109 S. Ct. 333, 337 (1988). COBRA data is potentially useful; however, the State's failure to maintain software making COBRA data accessible was not made to dispose of evidence and, therefore, does not demonstrate the State acted in bad faith. *See Jeffries*, ¶ 21. Therefore, we conclude Williams was not denied due process.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶9      Affirmed.


                                        /S/ LAURIE McKINNON


We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE